IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLA MABRY | * | |
| v. | * | Civil Action No. WMN-13-1700 |
| MERS | * | |

* * * * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is a Motion to Dismiss filed by Defendant MERS. ECF No. 11. The Motion is fully briefed[1] and is ripe for review. For the reasons that follow, the Court determines that no hearing is necessary, Local Rule 105.6, and the Motion to Dismiss will be granted.

I.  **FACTUAL AND PRCOCEDURAL BACKGROUND**

On June 25, 2011, Plaintiff Ella Mabry obtained a mortgage loan, evidenced by a promissory note ("the Note"), in the principal amount of $208,203 from lender Broker Solutions, Inc. dba New American Funding ("New American"). Plaintiff executed a deed of trust ("the Deed of Trust") in favor of New American that same day pledging, as security for the loan, a parcel of improved residential real property, owned by Plaintiff, in

---

[1] After MERS filed its Motion to Dismiss, Plaintiff Ella Mabry filed a document entitled "Addendum in Support of the Complaint to Quiet Title," ECF No. 13, but did not file a separate document responding expressly to Defendant's Motion to Dismiss. Because the Addendum consists mainly of argument and is not formatted as an amended complaint, the Court will treat it as an Opposition to Defendant's Motion to Dismiss.

1

Parkville, Maryland.  The Deed of Trust named Defendant Mortgage
Electronic Registration Systems, Inc. ("MERS") as the
beneficiary, "solely as nominee for [New American], and [New
American's] successors and assigns."[2]  ECF No. 11-3 at 2.  The
Deed of Trust states, in relevant part, that "Borrower
understands and agrees that MERS holds only legal title to the
interests granted by the Borrower [Mabry] in this Security
Instrument, but, if necessary to comply with law or custom, MERS
(as nominee for Lender and Lender's successors and assigns) has
the right: to exercise any or all of those interests, including,
but not limited to, the right to foreclose and sell the
Property; and to take any action required of Lender including,
but not limited to, releasing or canceling this Security
Interest."  Id. at 3.

Although the Note originated with New American, Plaintiff
alleges that it was later securitized.  An assignment of Deed of
Trust, dated October 18, 2012, reflects that the Deed of Trust
was assigned by MERS, as nominee for New American, to Bank of
America, N.A., its successors and assigns.  ECF No. 11-4 at 2.

---

[2] Plaintiff referenced the Note, Deed of Trust, and Assignment of
Deed of Trust in her Complaint, but did not attach any of those
documents.  In ruling on a motion to dismiss, however, the Court
may consider documents referred to and relied on in the
Complaint.  HQM, Ltd. v. Hatfield, 71 F. Supp. 500, 502 (D. Md.
1999).  Defendant MERS attached the three documents to its
Motion to Dismiss, and therefore, the Court may properly
consider those documents in resolving the motion.

2

According to Defendant, Plaintiff is now delinquent on her loan obligations.

On June 12, 2013, Plaintiff, proceeding pro se, filed a Complaint to Quiet Title in the Circuit Court for Baltimore County against Defendant MERS, contending that there is a "cloud" on her title and that the mortgage is unenforceable for a variety of reasons. Plaintiff's allegations in the Complaint can be boiled down to the following: (1) "MERS has a forfeiture status" and is thus not authorized to do business in Maryland; (2) the mortgage was separated from the note and is therefore unenforceable; (3) MERS did not "initially physically possess[] the note or ha[ve] the authority from the lender to assign it;" and (4) MERS does not have standing to enforce the Note or Assignment of the Deed of Trust. Compl. ¶ 6. Accordingly, Plaintiff requested that the Circuit Court enter a declaratory judgment declaring that the Assignment was "null and void" and "quieting title to the property against [MERS] and all persons claiming under [MERS]." Id. at 6.

The action was removed to this Court on June 12, 2013. Shortly thereafter, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff failed to state a claim on which relief could be granted and that Plaintiff failed to join a necessary party, Bank of America. Defendant contends that Plaintiff's claims that securitization made the Deed of Trust

3

unenforceable and that MERS was without authority to assign the Deed of Trust are without merit.

Presumably in response to Defendant's Motion to Dismiss, Plaintiff filed a document entitled "Addendum in Support of the Complaint to Quiet Title." ECF No. 13. Although the document consists primarily of argument, as noted above, Plaintiff purports to add a claim for breach of contract, arguing that Defendant wrongfully failed to apply the proceeds from the sale of the loan to pay down Plaintiff's principal debt. Additionally, she argues that (1) assignment of the mortgage was fraudulent because MERS, and those individuals acting on behalf of MERS, lacked the authority to assign the mortgage; (2) Plaintiff did not receive notice of an assignment to MERS, in violation of the terms of the Deed of Trust; and (3) MERS committed insurance fraud by "benefit[ting] from mortgage insurance" or in its "position as lien holder on the Plaintiff's home owner's insurance policy." ECF No. 13 at 4.

## II. **LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 232, 243 (4th Cir. 1999). To survive a 12(b)(6) challenge, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff filing pro se, like Mabry, is held to a "less stringent standard" than a lawyer, and the court must construe his or her claims liberally, no matter how "inartfully" pled. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even a pro se complaint must, however, meet a minimum threshold of plausibility. See, e.g., O'Neil v. Ponzi, 394 F. App'x 795, 796 (2d Cir. 2010).

### III. **DISCUSSION**

Plaintiff first alleges that the Deed of Trust is unenforceable because MERS is allegedly no longer registered to do business in Maryland. As support for her contention, Plaintiff attached a report from the Division of Taxation and Assessments stating that an entity known as "Mers, Inc." forfeited its authority to do business in Maryland in 2001. See ECF No. 13-2. Defendant asserts that Plaintiff's exhibit does not reference the correct corporate entity, because MERS is known as "Mortgage Electronic Registration Systems, Inc." Regardless of whether Defendant is or is not validly registered as a corporate entity in the State of Maryland, Defendant's contracts – which are central to Plaintiff's allegations – are unaffected. See Md. Code Ann., Corps. & Ass'ns § 7-305 (stating that the failure of a foreign entity to register "does not affect the validity of any contract to which the corporation is

5

a party"). MERS's registration status in Maryland is, therefore, irrelevant. Additionally, Plaintiff's assertion that MERS lacks standing carries no weight. This Court has previously noted that such standing arguments, which appear premised on MERS's ability to bring a foreclosure action, are misplaced where MERS, as Defendant, is "not seeking affirmative relief but is simply defending a suit brought against it." <u>Suss v. JP Morgan Chase Bank, N.A.</u>, Civ. No. WMN-09-1627, 2010 WL 2733097, at *4 (D. Md. July 9, 2010).

Plaintiff next contends that, because the Deed of Trust was separated from the Note, it is "unenforceable, null, deficient, and illegal." Compl. ¶ 6b. Courts in this district have repeatedly rejected such claims. <u>See, e.g.</u>, <u>Reed v. PNC Mortg.</u>, Civ. No. AW-13-1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013); <u>Parker v. Deutsche Bank Nat'l Trust Co.</u>, Civ. No. WMN-12-13358, 2013 WL 1390004, at *2-3 (D. Md. Apr. 3, 2013). Moreover, Plaintiff has not presented plausible facts alleging that the Deed of Trust is separated from the Note. Notably, she presents no allegation that Bank of America, to whom the Deed of Trust was assigned, does not also hold the Note. Moreover, the Note contains an Allonge reflecting that the Note was negotiated to Bank of America. Under Maryland law, when a note is transferred, it "carries with it the security provided by the [corresponding] deed of trust." <u>Deutsche Bank Nat'l Trust Co.</u>

6

v. Brock, 63 A.3d 40, 48 (Md. 2013). Thus, even assuming that the assignment of the Deed of Trust was somehow invalid, it does not impact the security provided by that instrument. Plaintiff has not therefore presented sufficient facts to present a plausible claim for relief.

Plaintiff's next claim, that MERS did not have the authority to assign the mortgage, flatly contradicts the language in the Deed of Trust. The Deed of Trust expressly states that MERS is the beneficiary in its capacity as "nominee for Lender . . . and Lender's successors and assigns." Moreover, the Deed of Trust permits MERS, as nominee, to act on behalf of the Lender. See generally ECF No. 11-3 at 3. Thus, by signing the Deed of Trust, Plaintiff consented to MERS's authority to act on behalf of the Lender. Plaintiff presents no plausible claim that MERS was not vested with the authority to do so. To the extent that Plaintiff's challenge to MERS's authority to assign the Note challenges the MERS recordation system entirely, the Court finds it similarly without merit. Courts that have considered it "have found that the [MERS] system of recordation is proper and assignments made through that system are valid." Suss, 2010 WL 2733097, at *5.

To the extent that Plaintiff's Addendum seeks to add claims for breach of contract and insurance fraud, Plaintiff may not raise new claims for the first time in an opposition brief.

See, e.g., Zachair, Ltd. v. Driggs, 965 F. Supp. 741, 748 n.4 (D. Md. 1997). Nonetheless, even if properly presented, the Court determines that Plaintiff's claims are without merit.

Plaintiff's claims for breach of contract and insurance fraud, although vague, appear to be based on the 2012 sale of the loan to Bank of America. Specifically, Plaintiff alleges that, by failing to apply the proceeds of the 2012 sale to Plaintiff's outstanding loan balance, Defendant breached a provision in the Deed of Trust governing application of funds and, as a result of her default, improperly collected default insurance. Plaintiff's contentions are based on the "Application of Payments" provision in the Deed of Trust, which provides the order in which the Lender is to apply payments received on the Note. Under that section, the Lender is to apply payments "made under paragraphs 1 and 2" to (1) the mortgage insurance premium, (2) any taxes or other insurance premiums, (3) interest due under the Note, (4) amortization of the principal, and (5) late charges. Paragraphs 1 and 2, however, reference solely payments by the borrower – in this case, Mabry. Nothing in the application of payments section requires the Lender to apply proceeds from the sale of the Note to Plaintiff's account. It only requires that the Lender apply payments made by Plaintiff to her account in the order specified. Further, Plaintiff provides no factual or legal

8

basis providing that she is discharged from her mortgage because her default triggered default insurance. Therefore, to the extent that Plaintiff's Addendum purports to add additional claims for breach of contract and insurance fraud, they will be dismissed.

Finally, the Court determines that, notwithstanding the substantive failures of Plaintiff's Complaint, Plaintiff also failed to include a necessary party – Bank of America, N.A. – as a defendant. Fed. R. Civ. P. 12(b)(7). Plaintiff's claim seeks the invalidation of an assignment to Bank of America, N.A., and accordingly, the extinguishment of Bank of America's interest in the Note and corresponding Deed of Trust. As a result, Bank of America would have been a necessary party to the action. See Fed. R. Civ. P. 19.

### IV. CONCLUSION

Finding Plaintiff's claims to be wholly without merit, the Court will dismiss the Complaint, with prejudice. A separate order will issue.

/s/<br>
William M. Nickerson<br>
Senior United States District Judge

DATED: October 1, 2013